Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Superior de Mayagüez |
|---|---|---|
| Recurridos | | |
| v. | KLCE202301483 | Caso Núm. ISCR201401796 |
| EDGARDO DICRISTINA ACEVEDO | | |
| Peticionario | | Sobre: Art. 5.04 Portación y Uso de Armas Sin Licencia |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de enero de 2024.

### I.

El 29 de diciembre de 2023, el señor Edgardo Di Cristina Acevedo (Di Cristina Acevedo o peticionario), quien se encuentra privado de su libertad en la Institución Correccional Sabana Hoyos 728, presentó por derecho propio una *Apelación* en la que solicitó que se revoque una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario) el 11 de diciembre de 2023, notificada el 13 de diciembre de 2023.[1] En la determinación, el TPI denegó una moción promovida por el peticionario al amparo de la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1.

Como cuestión de umbral, la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), nos

---

[1] Apéndice del recurso, Anejo 2.

Número Identificador
RES2024_____

confiere la facultad para prescindir de escritos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. Al amparo de ello, dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

De lo que es posible colegir de su recurso, el señor Di Cristina arguye que cuestionó las condenas que el TPI le impuso el 3 de septiembre de 2015 tras declararse culpable por la comisión de dos violaciones a la Ley de Armas de Puerto Rico, Ley Núm. 404 de 2000, según enmendada, 25 LPRA secs. 461 *et seq.* El peticionario hace referencia a la Regla 72 de Procedimiento Criminal, *supra*, R. 72, en su inciso (7) – enmendada mediante la Ley Núm. 142 de 2013, y plantea que su alegación preacordada no fue realizada con conocimiento de dicha enmienda. La alegación preacordada fue suscrita el 19 de agosto de 2015. Según aduce el peticionario, la pena impuesta excede un límite establecido en la Regla 72 de Procedimiento Criminal, *supra*, y, por lo tanto, es contraria a derecho. No obstante, no argumenta teoría alguna para fundamentar dicha posición, la cual además va en contra del texto de la referida Regla.

Ahora bien, cabe destacar que, en su recurso, el peticionario menciona una *Resolución* emitida por el Tribunal de Apelaciones en el caso KLCE202201269 en la que se denegó la expedición del auto de *certiorari* solicitado por este. A juicio del panel hermano, el señor Di Cristina Acevedo no puso en posición al tribunal de evaluar su petición, ni expuso argumentos que permitieran la evaluación informada y objetiva de su reclamo. En esencia, concluyó que la alegación preacordada no adolecía de defecto alguno y determinó no intervenir con el dictamen recurrido ante la ausencia de arbitrariedad o craso abuso de discreción. En esa ocasión, también cuestionó las sentencias impuestas en estos delitos, así como otras

cinco violaciones al Código Penal de Puerto Rico de 2012, 33 LPRA secs. 5001 *et seq.,* y la Ley de Armas de Puerto Rico, *supra.*

## II.

## A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[2]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110

---

[2] Esta Regla dispone lo siguiente:
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro).

DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, supra, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

La Regla 72 de Procedimiento Criminal, *supra*, regula las alegaciones preacordadas y, en lo pertinente, dispone lo siguiente:

En todos aquellos casos en que mediaren alegaciones preacordadas entre la defensa del imputado y el representante del Ministerio Público, se seguirá el siguiente procedimiento:

[...]

(7) [...]

Toda alegación preacordada en una causa en la que se impute la venta, posesión, transporte, portación o uso ilegal de un arma de fuego, según establecido en los Artículos 5.04 o 5.15 de la Ley 404-2000, según enmendada, conocida como la Ley de Armas de Puerto Rico, o sus versiones subsiguientes, deberá conllevar para el imputado o acusado una pena de reclusión de al menos dos (2) años, cuando la pena de reclusión estatuida para la conducta imputada bajo dichos Artículos sea mayor de dos (2) años. Cuando circunstancias extraordinarias relacionadas con el proceso judicial así lo requieran, el Secretario de Justicia tendrá la facultad para autorizar por escrito una alegación preacordada que incluya una pena de reclusión menor de dos (2) años. El Secretario de Justicia podrá delegar esta facultad en el Subsecretario de Justicia o en el Jefe de los Fiscales. (Subrayado nuestro).

## III.

Tras un análisis objetivo, sereno y cuidadoso del expediente del recurso, resolvemos que debemos abstenernos de ejercer nuestra función revisora, en conformidad con los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* A nuestro juicio no atisbamos motivo o error alguno que amerite intervención. Por el contrario, tanto una lectura de la regla citada por el peticionario como su escueta argumentación demuestran de plano que su petición carece de mérito y, por consiguiente, que la determinación del TPI es correcta en derecho. El inciso (7) de la Regla 72 de Procedimiento Criminal, *supra,* no impide la condena que le fue impuesta al peticionario por los delitos por los que se declaró culpable mediante alegación preacordada. Además, la enmienda que estableció el lenguaje de dicho inciso fue realizada con antelación a la alegación preacordada que realizó el señor Di Cristina Acevedo. A esto se añade que el peticionario tampoco arguyó coherentemente cómo esta Regla le favorece o cómo impide la condena que se le impuso. Por lo que no nos puso en condición de poder evaluar su reclamo de forma informada y objetiva.

**IV.**

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                                    Lcda. Lilia M. Oquendo Solís
                              Secretaria del Tribunal de Apelaciones